UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DAVID MICHAEL HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-01528 |
| | ) | Senior Judge Nixon |
| **PUBLISHERS CLEARING HOUSE,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## **M E M O R A N D U M**

Plaintiff David Michael Harris, a resident of Nashville, Tennessee, brings this *pro se, in forma pauperis* action against sweepstakes sponsor Publishers Clearing House (PCH) and several of its executives and employees, alleging fraud and deceptive mail claims based on his belief that he had won a large monetary prize. (Docket No. 1). The plaintiff seeks any prize money that is due him. (*Id*. at p. 3).

### I.     Required Screening of the Original Complaint

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.* Because the plaintiff is proceeding as a pauper in this action, the court must screen his complaint pursuant to § 1915(e)(2).

### II.     Alleged Facts of the Case

The complaint alleges that between March and May of 2015, the plaintiff received mailings from PCH instructing him to return his completed official entry coupon by a date certain "if you want to see us at your door on Aug. 31" awarding him a prize of $5,000 a week "forever." (Docket No. 1). The complaint alleges that the plaintiff completed and returned his official entry coupon by

1

the deadline, including matching three stamps in a row ("Ruby Riches") on one game and a submitting a scratch-off ticket with matching numbers ("the Liberty Match" certificates). The plaintiff also purchased a number of items from PHC for which he has been billed in the amount of $173.83 in an effort to increase his "loyalty rewards points" with PHC. The complaint alleges that, despite the plaintiff's compliance with PHC's instructions and his "loyalty reward points," PCH did not show up at the plaintiff's residence on August 31, 2015, to award the plaintiff the prize promised him. (*Id.* at pp. 1-3 & Attachs.).

## III.     Analysis

Contrary to the plaintiff's allegations, the PCH sweepstakes materials submitted by the plaintiff with his complaint did not guarantee that he was a winner entitled to a money prize and a visit by PCH on August 31, 2015. Rather, the materials merely informed the plaintiff that he had a chance to win and that if he was chosen as a winner he could collect $5,000 a week for the rest of his life plus $5,000 a week for the life of someone he chooses, along with other possible money prizes. The plaintiff has not shown that he was selected as a PCH winner, only that he successfully completed the many steps required for eligibility for the PCH prizes.

Insofar as the plaintiff seeks to rely on the Deceptive Mail Prevention and Enforcement Act (the Act), 39 U.S.C. § 3001, *et seq*., his claim fares no better. The Act provides a private right of action only if an individual receives one or more mailings after he has elected to be excluded from the list of names and addresses used by a promoter of a sweepstake. 39 U.S.C. § 3017(e). The plaintiff does not allege that ever elected to be excluded in accordance with 39 U.S.C. § 3017(d), and that he subsequently received solicitations for entry in a sweepstakes. Accordingly, the plaintiff cannot proceed under § 3017(e).

Even presuming a private right of action separate and apart from § 3017(e), it is clear that the materials provided by the plaintiff contain the necessary qualifications and notices to render the sweepstakes material at issue in this case legally mailable under the Act. *See* 39 U.S.C. §§ 3001(k)(3)(A) and 3001(k)(5). The materials conspicuously display, as required by § 3001(k)(5), the following statements: "You must return your Official Entry-Order Document for your *opportunity* to win $25,000 cash!"; "I hereby claim full *eligibility* to win the $10,000-A-Week Forever Prize on Monday, August 31, 2015, from this notice and am responding by the 8/24/15 deadline"; and "Follow instructions on back of each Certificate for your *opportunity* to win prize amount matched." (Docket No. 1 & Attachs.)(emphasis added). In general, the type of PCH mailing Harris received usually does not create a valid contract; it is instead an offer to participate in the sweepstakes. *See Workman v. Publishers Clearing House*, 118 F.3d 457, 459 (6th Cir. 1997)(finding that the sweepstakes held by PCH merely offered the opportunity to enter a contest in which the plaintiff could have won the grand prize and that the plaintiff's belief he had won was not reasonable); *see also Thomas v. Publishers Clearing House*, 2002 WL 193935, at *5 (6th Cir. 2002)(holding that mailing by PCH did not create valid contract with entrant under Ohio state law).

Although the plaintiff mentions that he purchased items from PCH and includes a bill from PCH in the amount of $173.83 for those items, the plaintiff here does not allege that PCH fraudulently induced him to purchase magazines or other items by falsely suggesting in its advertising that customers could increase their chances of winnign the sweepstakes by making purchases. *See Vollmer v. Publishers Clearing House,* 248 F.3d 698, 702 (7th Cir. 2001)(describing class action settlement against PCH by Illinois residents who had been deceived by PCH mailings into making unwarranted purchases).

3

Because the plaintiff has failed to allege any cognizable federal claim for relief against the named defendants, his complaint will be dismissed as frivolous or for failure to state a claim. § 1915(e)(2).

Finally, the complaint alleges violations of Tennessee state consumer protection law. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

However, the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id.* at § (c)(3).

Having dismissed the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction to hear the plaintiff's remaining state law claims. As such, the plaintiff's state law claims will be dismissed without prejudice to be filed, if the plaintiff so chooses, in a Tennessee state court.[1]

## IV.  Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which relief can be granted under federal law. Those claims will be dismissed with prejudice. The court declines to exercise supplemental over the plaintiff's state law claims. Those claims will be dismissed without prejudice. 28 U.S.C. § 1915(e)(2).

---

[1] The court makes no representations regarding any applicable statute of limitations for the plaintiff's state law claim.

4

An appropriate order will be entered.

                             _____
                             John T. Nixon
                             Senior United States District Judge